UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 5:21-00221-01 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| TREVOR LEE (01) | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Record Document 74] filed by Defendant Trevor Lee ("Lee"). Lee argues he is entitled to relief based on, *inter alia*, his counsel's failure to file a direct appeal and to appeal certain issues after he asked her to do so. *See* Record Document 74. The Government responded, conceding "the defendant is entitled to an out-of-time appeal." Record Document 79 at 1. The Government argues the Court should dismiss Lee's motion without prejudice, grant an out-of-time appeal, and reinstate the criminal judgment on the docket to allow Lee to pursue a direct appeal. *See id.* at 4.

On August 25, 2025, the Court issued a minute entry ordering Lee's counsel to submit an affidavit addressing whether Lee asked her to file a notice of appeal. *See* Record Document 80. On September 16, 2025, Lee's counsel submitted the requested affidavit. *See* Record Document 81. Lee's counsel represents that the Office of the Federal Public Defender "has no information relating to whether the defendant was contacted on or before December 2, 2022[,] to discuss appeal rights." *Id.* at 1. Lee's counsel attests "she did not speak with the defendant during this time" because she was away for a family medical matter. *Id.* at 1-2. No other staff member "recalls speaking with the

defendant during this time." *Id.* at 2. Lee's counsel further attests she spoke with Lee about the denial of the motion to suppress, and he expressed "his displeasure with said ruling." *Id.* Lee and his counsel discussed appeal options, but "the matter was not yet ripe for such an appeal." *Id.* Finally, Lee's counsel states she "had a duty to discuss the defendant's appeal rights with him, [so] this failure should not be attributed to the defendant." *Id.*

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court if: (1) the sentence "was imposed in violation of the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack." *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012); 28 U.S.C. § 2255(a). "As the Supreme Court holds, [h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *United States v. Cooper*, 548 F. App'x 114, 115 (5th Cir. 2013) (internal quotations and citations omitted) (quoting *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

One transgression courts may consider for the first time on a § 2255 motion is a claim for ineffective assistance of counsel. *See United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). To state a successful claim of ineffective assistance of counsel, the defendant must demonstrate two things: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466

2

U.S. 668, 687 (1984). The petitioner bears the burden of proof of showing both prongs are met. *See id.*

In *Roe v. Flores-Ortega*, the Supreme Court applied the *Strickland* inquiry to determine whether counsel was "deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other." 528 U.S. 470, 477 (2000). The *Flores-Ortega* Court focused first on "whether counsel in fact consulted with the defendant about an appeal." *Id.* at 478. If so, "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. To show prejudice, the defendant must show "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

Here, the Court finds Lee's counsel did not sufficiently consult with him about filing an appeal. Lee maintains he asked his counsel to file a timely appeal after sentencing. *See* Record Document 74-1 at 8. This statement is consistent with the affidavit submitted by Lee's counsel attesting that she previously discussed appealing the denial of the motion to suppress. *See* Record Document 81 at 2. Although Lee's counsel knew Lee was interested in an appeal on that issue, she did not consult with Lee after sentencing, and there is no evidence that another staff member at the Office of the Federal Public

3

Defender consulted with Lee. *See id.* at 1-2. These facts, taken together, demonstrate that Lee's counsel did not sufficiently consult with Lee about filing an appeal. *See United States v. Cong Van Pham*, 722 F.3d 320, 324 (5th Cir. 2013) ("Pham's counsel did not sufficiently consult with him about filing an appeal. At most, Pham's counsel discussed an appeal in the abstract and even then did so only *before* the sentence was pronounced.") (emphasis in original). The Court further holds that Lee has shown a reasonable probability that he would have timely filed an appeal absent this failure of his counsel.

To address this type of ineffective assistance of counsel claim, the Fifth Circuit has instructed district courts to dismiss the defendant's § 2255 claim without prejudice, grant an out-of-time appeal, and reinstate the criminal judgment on the docket. *See Cong Van Pham*, 722 F.3d at 327; *United States v. West*, 240 F.3d 456, 462 (5th Cir. 2001). The Court finds this procedure appropriate in these circumstances.

Accordingly, **IT IS ORDERED** that Lee's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Record Document 74] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Lee may pursue an out-of-time appeal.

**IT IS FURTHER ORDERED** that Lee be appointed counsel from the Office of the Federal Public Defender to assist him with filing his appeal.

**IT IS FURTHER ORDERED** that Lee's criminal judgment [Record Document 67] is **REINSTATED** on the docket. Lee shall have **fourteen days** from the reinstatement to file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the

entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.").

**THUS DONE AND SIGNED** this 25th day of September, 2025.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE